IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA ROLAND FULLER GILLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:18cv142-WHA |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

On March 1, 2018, Plaintiff, an inmate at the Greene County Justice Center in Springfield, Missouri, filed this *pro se* civil rights action alleging he has been damaged as a result of bias by United States District Judge Mark Fuller and "the United States criminal court system." Doc. No. 1. Although Plaintiff asked to proceed *in forma pauperis* (Doc. 1 at 1), he submitted no information to support his request. Thus, the pleadings filed by Plaintiff failed to provide the court with the information necessary to determine if he should be allowed to proceed without prepayment of a filing fee in this case. The court therefore ordered Plaintiff to submit either the $400.00 filing/administrative fee or an affidavit in support of a motion for leave to proceed *in forma pauperis* accompanied by financial information from the inmate account clerk at the Greene County Justice Center regarding the average monthly deposits and average monthly balance in Plaintiff's inmate account for the six-month period prior to filing this case. Doc. No. 2 at 1–2. The court's order specifically cautioned Plaintiff that "if he fails to comply with this order, the Magistrate Judge will recommend that this case be dismissed." *Id.* at 2.

Plaintiff subsequently filed an application for leave to proceed *in forma pauperis* (Doc. No. 3), but he failed to submit a prison account statement from the inmate account clerk at the Greene County Justice Center with the requisite financial information for this court to determine if he should be allowed to proceed without prepayment of a filing fee. The court therefore ordered Plaintiff to submit by June 1, 2018, the requisite documentation from the inmate account clerk or other appropriate official at the Greene County Justice Center.  Doc. No. 4.

Plaintiff has failed to file the requisite financial information within the time provided by the court.  Absent either prepayment of the requisite fees or the granting of *in forma pauperis* status, this case cannot proceed before this court. The undersigned therefore concludes that this case is due to be dismissed without prejudice. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.,* 370 U.S. 626, 629–30 (1962).  This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Link,* 370 U.S. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket.").  "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Mingo,* 864 F.2d at 102.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for Plaintiff's failure to file the necessary financial information as ordered by this court.

On or before **July 5, 2018**, Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court; therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson,* 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 21st day of June, 2018.

    /s/   Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE